UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD CLARK (#478056)

VERSUS                                            CIVIL ACTION

JAMES LEBLANC, ET AL                              NUMBER 10-246-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 10, 2011.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD CLARK (#478056)

VERSUS                                  CIVIL ACTION

JAMES LEBLANC, ET AL               NUMBER 10-246-RET-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 7. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the American with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*[2] against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Steve Rader, Assistant Warden Bruce Coston and Lt. Joe Lewis. Plaintiff alleged that he was injured when he slipped and fell in a shower that was not equipped with rails. Plaintiff amended his complaint to allege that the Level Two shower facility was not equipped with rails or a shower chair. As to defendants D.P.S.C. Sec. Leblanc, Warden Rader and Asst. Warden Coston, the plaintiff alleged that they denied his request for administrative relief.

---

[1] Record document numbers 10 and 12.

[2] *See* Record document number 12.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that on March 4, 2009, he was transferred to a housing unit which was not equipped with a handicap-accommodating shower. Plaintiff alleged that the shower does not contain rails or a shower chair. Plaintiff alleged that he advised Lt. Lewis that he is handicapped and would require a handicap-accommodating shower. Plaintiff alleged that Lt. Lewis told him that he would have to use the shower on his assigned unit and that he would be allowed to use a shower chair only if his medical duty status was modified to require one.

Plaintiff alleged that on March 14, 2009, he slipped and fell in the shower injuring his left arm and shoulder. Plaintiff alleged that he fell because there were no rails or a seat in the shower. Plaintiff thereafter made a request for relief through the prison Administrative Remedy Procedure. His request was denied initially by defendants Asst. Warden Coston and Warden Rader. Defendant Sec. LeBlanc referred the request to the state's Office of Risk Management, but it had not taken any action.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Title II of the ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

State prisoners may bring claims against their jailors for disability discrimination under Title II of the ADA, which

prohibits discrimination by public entities. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209-10, 118 S.Ct. 1952 (1998). Because the term "public entity" in Title II does not include individuals, individual defendants cannot be held personally liable for violations of Title II of the ADA. *Walker v. Snyder*, 213 F.3d 344, 347 (7th Cir. 2000), *abrogated on other grounds by Board of Trustees v. Garrett*, 531 U.S. 356, 374 n. 9, 121 S.Ct. 955 (2001).

A review of the complaint showed that the plaintiff brought this action against all defendants in their official capacities, and as to Lewis only, in both his individual and official capacities.

Plaintiff alleged that his left leg is two inches shorter than his right leg, he weighs 274 pounds, and he walks with a cane. Plaintiff alleged that the defendants were deliberately indifferent to his health and safety when they required him to shower in a facility which did not accommodate his physical disability. Plaintiff further alleged that he was denied the opportunity to shower by reason of his disability.[3] Plaintiff alleged that the day after he fell, he was given a shower chair per order of Lt. Lewis.

Plaintiff's allegations are sufficient to state a claim upon which relief can be granted under the ADA as to defendants Sec.

---

[3] The allegations of a pro se complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96 (1972).

LeBlanc and Lt. Lewis in their official capacities. Suing them in their official capacities is equivalent to suing the Department of Public Safety and Corrections, which is a suit against the State of Louisiana under the ADA. Plaintiff has also alleged sufficient facts to state a claim upon which relief can be granted under § 1983 as to defendant Lt. Lewis in his individual capacity. Defendants Warden Rader and Asst. Warden Coston were sued only their official capacities. Maintaining them in the case in their official capacities for the purpose of an ADA claim would be superfluous.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted in part and denied in part. The motion should be granted as to the plaintiff's claims against defendants Warden Rader and Asst. Warden Coston. The motion should be denied as to the plaintiff's claims under the ADA against Sec. LeBlanc and Lt. Lewis in their official capacities, and as to his claims under § 1983 against defendant Lt. Lewis in his individual capacity.

Baton Rouge, Louisiana, February 10, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE